JOHN H. DAVIS *et als. v.* JAMES G. REAVES *et als.*

RECEIVER. *Burden of proof on applicant for appointment of receiver.* In a contest over the title to land, the possession will not, ordinarily, be disturbed by the appointment of a receiver pending the litigation, es- pecially if the person in possession has the legal title, or undisputed right of possession, to an undivided part of the land; and the burden being upon the applicant for a receiver to make out a strong showing to justify interference, an affidavit by a solicitor, on information and belief, is insufficient.

## FROM GREENE.

MOTION TO APPOINT RECEIVER.

S. J. KIRKPATRICK, C. H. DORSER and JOHN AL- LISON for complainants.

F. A. REEVE, ROBERT M. McKEE and ROBINSON & MALONEY for defendants.

COOPER, J., delivered the opinion of the court.

Motion for the appointment of a receiver. The complainants are three of the four children of Samuel W. Davis, who died in 1864, and whose realty was, shortly thereafter, in an administration suit instituted by his administrator, upon suggestion of the insolvency of the estate, sold under a decree of the Chancery Court, and bought by the defendants or those under whom they claim. The ground upon which the bill proceeds is, that the complainants, being then infants, were not properly brought before the court by service of process. There are charges made in the bill of fraud upon the part of the administrator in the management of the suit to the detriment of the complainants as heirs, but there is nothing to connect the original purchasers at the master's sale with the fraud. The Chancellor rendered a decree in favor of the complainants for the land, and ordered an account of the rents as against each defendant of his part of the land, and of the value of permanent improvements put thereon by him to be set off against the rents, and an account of the debts of the estate paid with the money of the purchaser. The defendants were allowed to appeal before the taking of the accounts ordered. The present application for a receiver is supported by the affidavit of one of the solicitors of the complainants to the effect that he is "informed and believes" that the defendants "have no property, or at least

very little, and not sufficient to satisfy a decree for rents and profits, if one should be rendered."

So far as the defendants in possession of the land are concerned, the bill is, in its most favorable aspect for the complainants on this motion, an ejectment bill, seeking to receive possession on the better title. In such a contest, the general rule undoubtedly is that the possession will not be disturbed until the question of title has been finally determined. *Richmond* v. *Yates*, 3 Baxter, 204. *A fortiori*, if the legal title to any part of the land is vested in the party against whom the suit is brought, or his right to possession as to an undivided part not disputed. *Cassetty* v. *Capps*, 3 Tenn. Ch., 524. And even if the decree below for the complainants raises a presumption in their favor, a questionable point in view of the settled doctrine of this court that the appeal vacates the decree, it would not alter the general rule. The burden would still be on the applicant for a receiver to establish a proper case, and the law certainly requires in an ejectment suit a strong showing to justify interference with actual possession. Such a showing obviously demands that the court should be reasonably satisfied that the recovery, on the basis of the decree, would be in favor of the complainant and for some definite amount, and that this recovery would be lost unless the receiver was appointed. There is no such showing. The affidavit presented, moreover, does not aver facts, but only affiant's "information and belief," a form of averment insufficient in a bill (1 Dan. Ch. Pr., 360; *Quinn* v. *Leake*, 1 Tenn. Ch., 71), and a

*fortiori* in an affidavit intended to work in advance the result of a bill; and such a form is clearly inadmissible unless accompanied by a disclosure of the affiant's means of information, for he may have had none.

The motion is disallowed.